**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Beth Mansfield, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| J.E. Cunningham & Associates, L.L.C.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Beth Mansfield, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Beth Mansfield ("Plaintiff"), is an adult individual residing in Berlin, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant, J.E. Cunningham & Associates, L.L.C. ("Cunningham"), is a Massachusetts business entity with an address of 501 Park Avenue, Worcester, Massachusetts 01610, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Cunningham and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Cunningham at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8.     The Plaintiff incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to Cunningham for collection, or Cunningham was employed by the Creditor to collect the Debt.

11.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Cunningham Engages in Harassment and Abusive Tactics**

12.    The Defendants called the Plaintiff more than three (3) times per day.

13. In placing their telephone calls, the Defendants did not disclose the name of the debt collection agency.

14. The Plaintiff works from home. The Defendants placed their calls at inconvenient times in order to collect the Debt.

15. The Defendants used rude and abusive language when speaking to the Plaintiff.

16. The Defendants failed to recite the mini-Miranda warning during telephone conversations with the Plaintiff.

17. The Defendants failed to send the Plaintiff a validation notice explaining her rights under state and federal law or her right to dispute the Debt.

### C. Plaintiff Suffered Actual Damages

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

23. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

24. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

25. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

29. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

30. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

31. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

32. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been validated.

33. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

1. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2. The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

3. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

4. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

5.  The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

6.  Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

7.  The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with telephone calls to her home.

8.  The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

9.  The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

10. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

11. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

13.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

14.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Massachusetts.

15.     All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;
4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);
5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 29, 2010

>Respectfully submitted,
>By: /s/ Sergei Lemberg
>Sergei Lemberg (BBO# 650671)
>LEMBERG & ASSOCIATES L.L.C.
>1100 Summer Street, 3rd Floor
>Stamford, CT 06905
>Telephone: (203) 653-2250
>Facsimile: (877) 795-3666
>Attorneys for Plaintiff